## INSPECTION OF CORPORATION BOOKS BY STOCKHOLDER.

. Circuit Court of Cuyahoga County.

THE AMERICAN SHIPBUILDING CO. v. FRANK P. WHITNEY. .

Decided, February 12, 1912.

*Corporations—Foreign—Stockholder's Right to Inspect Records and Papers.*

A stockholder of a foreign corporation which is doing business in Ohio, after having obtained the right to do so by complying with the laws which provide how a foreign corporation may do business in this state, and has records and papers within the state, has all the rights of inspection of such records and papers as a stockholder in a domestic corporation has.

*Griswold & White* and *Thompson & Hine*, for plaintiff in error.

*Hoyt, Dustin, Kelley, McKeehan & Andrews*, contra.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The American Shipbuilding Company is a corporation for profit, organized under the laws of the state of New Jersey. It is doing business in Ohio, having obtained the right to do so by complying with the laws which provide how a corporation, organized under the laws of another state, may do business in this state. It has property, offices, records and papers here.

Frank P. Whitney is a stockholder in said corporation. He resides here. He has demanded of the officers of said corporation an inspection of certain records and papers of the corporation now in Ohio. This inspection has been refused. His demand for such inspection is not accompanied by any reason given by him for such inspection except that he is a stockholder in the corporation.

He brought a suit in the court of common pleas seeking an injunction against said corporation and its officers to prevent their refusing him this inspection. The corporation bases its refusal upon the ground that until the stockholder shall show a reason for this inspection, he is not entitled to it. The court of

common pleas decided in favor of the stockholder and granted the injunction, and the proceeding here is for the purpose of determining whether such order of the court shall be sustained.

It is provided by Section 8673 of the General Code of Ohio, that "the books and records of such corporations, at all reasonable times, shall be open to the inspection of their stockholders." This section is found in the chapter providing for the organization and conduct of corporations for profit in Ohio. There is no doubt, therefore, that if this were an Ohio corporation, the stockholder would be entitled to the examination. This is absolutely settled by the case of *The Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 O. S., 189. The syllabus of this case reads:

"Injunction is the proper form of remedy to enforce the right of a stockholder in a private corporation, given by Section 3254, Revised Statutes, to inspect the books and records of the corporation.

"The right to. inspect does not depend upon the motive or purpose of the stockholder in demanding such inspection and a petition which shows that the plaintiff is a stockholder; that he has requested the defendant to allow him to inspect the books and records of the corporation, and fix a reasonable time for the same, which request has been refused, states a cause of action.

"As incident to such right is the right to have such inspection by a proper agent, and to take copies from such books and records."

It is urged, however, that the statute does not apply to foreign corporations, because the language is that the "books and records of *such* corporations" shall be open to the inspection provided for, and that the word "such" refers to the kind of corporations provided for in the chapter, to-wit, domestic corporations.

It is, however, provided in Section 5508, as amended in 102 O. L., at page 251, Section 119 of the amendment, in these words:

"All foreign corporations, and the officers and agents thereof, doing business in this state, shall be subject to all the liabilities and restrictions that are or may be imposed upon corporations of like character organized under the laws of this state, and shall have no other or greater powers."

That this applies to all foreign corporations, other than certain ones named later on in the section, is clear from the fact of those exceptions being made.

We have not found it necessary to consider other questions raised in this case. We regard the case as settled by these statutes and the decision of the Supreme Court already named. The result is that the judgment of the court of common pleas is affirmed.